

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# USA v. Sanders

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1879

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Sanders" (2006). *2006 Decisions.* Paper 874.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/874

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1879
_____

UNITED STATES OF AMERICA

v.

DIJUAN SANDERS,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00314-1)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2006

Before:  FISHER, CHAGARES and REAVLEY,[*] *Circuit Judges*.

(Filed:    June 20, 2006)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

FISHER, *Circuit Judge*.

On March 2, 2005, DiJuan Sanders was sentenced by the District Court to 183 months' imprisonment after pleading guilty to charges stemming from his 2003 armed robbery of a U-Haul store in Philadelphia. He has filed an appeal asking that we vacate his sentence and remand for re-sentencing under *United States v. Booker*, 543 U.S. 220 (2005).

Sanders does not explain the basis of his request for remand. Under *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005), we routinely remand cases in which defendants were sentenced prior to the issuance of *Booker*, but the sentencing hearing in this case took place nearly two months after January 12, 2005, the date *Booker* was issued. We presume, therefore, that Sanders is assigning some error in the sentence rather than seeking relief under *Davis*. His argument, in its entirety, is: "It seems that the sentencing court was constrained to apply the Guidelines." That sentence is followed by a quotation from the sentencing hearing in which the District Court recites the Guidelines range. Given that *Booker* requires district courts to calculate and consider the Guidelines range, *Booker*, 543 U.S. at 264, the fact that the District Court did so here is not a basis for remand. Nor does our examination of the record reveal any error.

In *United States v. Cooper*, 437 F.3d 324 (2006), we held that district courts must give meaningful consideration to the enumerated § 3553(a) factors, of which the Guidelines range is but one. *Id.* at 329. District courts need not recite the factors from the bench, so long as the record, viewed as a whole, makes this consideration clear. *Id.*

2

Considering the factors means reasonably applying them to the circumstances of the offense. *Id.*

In this case, the District Court held a thorough sentencing hearing in which the § 3553 factors were sufficiently considered. The District Court considered the details of the robbery, Sanders' role in the robbery, the particular seriousness of armed robbery, and Sanders' substantial record of prior offenses. The District Court also heard testimony from Sanders' fiancée and from two victims of the robbery.

Finally, defense counsel specifically referred to *Booker* during the hearing, and there is no indication that the District Court was unaware of its discretion under *Booker*. The bulk of Sanders' sentence, 120 months for the firearms charge, is a statutory minimum unaffected by *Booker*, and the remaining 63 months is within the Guidelines range and is not unreasonable under *Cooper*.

In sum, Sanders was sentenced under *Booker*, and while he does not allege that the sentence is unreasonable or that the District Court failed adequately to consider any of the factors enumerated in 18 U.S.C. § 3553, our review of the transcript confirms that the District Court was aware of its discretion under *Booker*, that it adequately considered the § 3553 factors, and that the sentence imposed was reasonable. Accordingly, we will affirm the judgment of the District Court.